William F. **LYNCH** and Katherine A. Lynch, as Co–Administrators of the Estate of Michelle Kathleen Lynch, Deceased, and Co–Guardians of Joshua Lee Lynch, a Minor, Appellants,

v.

COMMONWEALTH of Kentucky, CRIME VICTIMS COMPENSATION BOARD, Appellee.

No. 86–CA–2848–S.

Court of Appeals of Kentucky.

April 1, 1988.

E. Patrick Moores, Lexington, for appellants.

David L. Armstrong, Atty. Gen., James M. Ringo and Frank F. Chuppe, Asst. Attys. Gen., Frankfort, for appellee.

Before GUDGEL, HAYES and HOWARD, JJ.

HAYES, Judge:

The sole issue in this appeal is whether the Crime Victims Compensation Board's denial of an award to a minor child for loss of support due to the murder of his mother, who was his sole support, is supported by substantial evidence and was therefore not arbitrary. The trial court affirmed the board's denial of an award and we affirm the trial court.

Michelle Lynch was killed during a robbery of a Lexington, Kentucky, motel. She was 20 years old and unmarried. She was survived by a three-year-old son, Joshua. The maternal grandparents, and co-guardians of Joshua, filed on behalf of the estate of Michelle a claim with appellee for funeral expenses. A sum of $2,500.00, the maximum amount allowed by statute, was awarded and is not in dispute on this appeal.

The grandparents, on behalf of Joshua, also sought from the appellee an additional award of support because of serious financial hardship due to the loss of his sole benefactor, his mother Michelle. This request was denied by appellee.

The board found that Joshua had suffered no serious financial hardship since income available to Joshua from Social Security ($264.00 per month) and anticipated investment returns on the $22,000.00 life insurance proceeds he received, equals if not exceeds, the funds he had available for his benefit prior to his mother's death. Another reason stated by the board for the denial was the failure of the grandparents to provide the board with information regarding their financial resources.

Chapter 346 of the Kentucky Revised Statutes—Compensation of Crime Victims —is designed to compensate: (1) the actual victim of criminally injurious conduct, and (2) in the event the victim dies as a direct result of such crime, any person who is dependent for his principal support upon such victim. Since Joshua's mother, the victim of the criminal conduct died, and since she was Joshua's sole means of support, Joshua is an eligible claimant under the statute, KRS 346.050(1)(c).

As it is stated in KRS 346.010 the purpose of the Compensation of Crime Victims Act is to indemnify those needy victims of criminal acts who have suffered bodily injury or death as a result. The state compensates those victims or their dependents who incur financial hardships and may become dependent upon public welfare. The Kentucky Legislature made it certain that the support provided by the State is "as a matter of grace." "Grace" is defined in Black's Law Dictionary, Revised 4th ed., as

**162**

a "favor or indulgence as distinguished from a right."

Two facts appear in this case from the evidence submitted to the board. One, Joshua suffered hardship as the result of the death of his mother, but not financial hardship. After the death of Michelle, Joshua was better off financially due to the insurance proceeds and the Social Security payments. The evidence indicated both the child and the mother were living on a net income of $3,289.50 per year before her death.

Secondly, the grandparents obviously will suffer, in many ways, for the death of their daughter, Michelle. However, they are not, and can not be in this case, eligible claimants under the crime victims compensation law. It is unnecessary to the determination of this case to decide whether the grandparents were required to submit their financial resources to the board as there was substantial evidence to support the board's finding that Joshua had suffered no financial hardship as a result of his mother's death.

The judgment is affirmed.

HOWARD, J., concurs.

GUDGEL, J., dissents.

GUDGEL, Judge, dissenting:

Respectfully, I dissent. To conclude that the infant victim has incurred no serious financial hardship stemming from the mother's death because grandparents have volunteered to assume the burden of raising the child is unwarranted. This is especially true since the infant's present income and resources are totally inadequate to pay the cost of his ordinary and necessary day-to-day living expenses. In short, it is clear that absent the grandparents' voluntary support, the child would be dependent on public welfare.

The statute is intended to compensate innocent victims of crime, yet the board's decision totally eviscerates that legislative intent. I am of the opinion, therefore, that the board's decision is arbitrary. Hence, I would reverse the court's judgment with directions that the board be directed to make a proper award.